## Case No. 8,246b.

### LENOX et al. v. NOTREBE et al.

### HAMILTON et al. v. LENOX et al.

[Hempst. 225.] [1]

Superior Court, Territory of Arkansas. Feb., 1833.

RECEIVER — WHEN APPOINTED — ACTUAL POSSESSION OF REAL PROPERTY — EQUITY — PURCHASE BY TRUSTEE OF THE TRUST ESTATE — BOND TO PREVENT REMOVAL—WHO BOUND.

1. The application for a receiver pending a litigation is regulated by legal principles, and addressed to the sound discretion of the court, and one will generally be appointed when there is danger that the subject-matter of controversy may be wasted and destroyed, impaired, injured, or removed, during the progress of the suit.

2. Where several persons reside together, and have a joint possession of property, the law casts the actual possession upon the legal owner.

3. A court of equity converts any one who intermeddles with the property of an infant into a trustee for such infant; and a trustee cannot buy an outstanding legal title to the prejudice of his cestui que trust.

4. A bond in chancery cause to prevent the removal of the property in litigation beyond the jurisdiction of the court, and to have the same forthcoming to abide the final order and decree, creates a personal obligation against the obligor merely, and his sureties are not bound for the acts of any other person, or acts committed after his death.

[This was a suit by John Lenox and Hewes Scull, as administrators of William Lenox, deceased, against Frederick Notrebe, Mary Ann Hamilton, and Margaret Hamilton, infants, etc., on original bill; and Mary Ann Hamilton and Margaret Hamilton, infants, etc., by their guardian ad litem, against John Lenox and Hewes Scull, as administrators of William Lenox, deceased, and Frederick Notrebe on cross-bill. Heard on motion for the appointment of a receiver.]

Before CROSS and CLAYTON, JJ.

CLAYTON, J. The original bill in this case was filed by William Lenox and wife, both

1 [Reported by Samuel H. Hempstead, Esq.]

now deceased, to divest the legal title of certain property therein mentioned out of the defendents, the Hamiltons, then four in number, to have the bill of sale under which they claimed declared void, and to have the title vested in, and the property decreed to, the complainants. The defendants, the Hamiltons being still infants, filed a cross-bill by their guardian ad litem for the discovery of certain facts necessary to their defense of the original bill, and prayed that Lenox may be compelled to give bond not to remove the property, and to have the same forthcoming to abide the decree. The answer to the cross-bill states the death of Mrs. Lenox and of two of the heirs of Hamilton, and sets up a title to the property in question upon two grounds distinct from those stated in the original bill. To determine upon this motion for the appointment of a receiver, it is not necessary to consider the title to the property, or to discuss the merits of the cause. The material affidavit upon which this motion is made, states the administrators of William Lenox, deceased, have failed to inventory the estate and personal property, including the negroes mentioned in the original and cross-bill, in this case, as the property of William Lenox, deceased, and that as the representatives of said William Lenox, deceased, they do not hold themselves responsible for the property mentioned in said bills. The application for a receiver is addressed to the sound discretion of the court, regulated by legal principles, and is exercised by the courts upon many occasions with great benefit to the parties. It is particularly serviceable when there is danger that the subject-matter of the controversy may be' wasted and destroyed, impaired, injured, or removed during the progress of the suit. The object is to secure the fund for the party found upon final hearing to be entitled, and to produce as little prejudice as possible to any of those concerned. When one party has a clear right to the possession of property, and when the dispute is as to the title only, the court would very reluctantly disturb that possession. But when the property is exposed to danger and to loss, and the party in possession has not a clear legal right to the possession, it is the duty of the court to interpose and to have it secured. Who is legally entitled to the possession of the property in this case? It will be borne in mind at the time of filing the original bill, it appears from the papers in this cause, that the complainants, Lenox and wife and the infant children of Hamilton, the defendants here, resided together, the possession was joint, and the law would cast the actual possession upon the legal owners of the property. Who were at that time the legal owners? The infant children of Hamilton claiming under Notrebe's deed of conveyance. The very object of the original bill was to divest them of the legal title, to have the deed of Notrebe rescinded, and the prop-

erty decreed to the complainants. The bill was filed in right of Mrs. Lenox, who had been the wife of Hamilton, and who was the mother of the defendants. In December, 1828, Mrs. Lenox and two of the defendants died, and the suit since has been prosecuted against the remaining defendants without any administration upon her estate. After the death of the mother, the two surviving defendants in February, 1829, ceased to reside with William Lenox, and he kept possession of the property. He had not the legal right to do so. The law cast the right of possession with the legal and apparent right of property, and it was his duty to have given up the possession to them. Having failed to do so, he became a trustee as to the legal estate for them, for a court of equity converts any one who intermeddles with an infant's property into a trustee for such infant. The answer to the cross-bill states that in January, 1831, the complainant Lenox purchased an outstanding legal title to the same property, and claims to hold it by virtue of this purchase. It is believed that upon well-settled principles this was a breach of trust upon his part, and that an implied trustee cannot purchase an outstanding legal title and claim the trust property under it, at least until he restores possession to the party for whose use as trustee he holds. At the time of the death of Lenox, he held possession in this manner, and so confident were his administrators that he had not either the right of property, or the right of possession, that they refused to return the property in their inventory as his, and state expressly, according to the affidavit, that they do not hold themselves responsible for it, as his administrators. If they are not responsible for it as his administrators, they are not, in the present aspect of the cause, responsible for it at all. They are only before the court in their representative character, and if it should ever become necessary to proceed against them individually, they must be before the court in their individual character. If they do not hold the property as administrators, they have no right to the possession, so far as this court can see from the facts before it. They may waste and destroy it, and at the end of this suit the party declared entitled may have to institute new proceedings against new parties, and travel the weary round of a chancery cause a second time. The appointment of a receiver will prevent this, and will have no other effect than to secure property which seems to be cast upon the world without any legal protector. The only circumstance which has interposed the slightest obstacle to our coming to the conclusion to appoint a receiver in this cause, grows out of the bond executed by William Lenox, in his lifetime, to have the property in question forthcoming to abide the final decree in this cause. The words in the condition of the bond are these: "Now if the above bound William Lenox, shall keep said

negroes and property safe, and not remove them beyond the jurisdiction of this territory, until the final hearing of this cause, and to abide the final order and decree of the court in this suit, then this obligation to be void." This obligation is merely personal. It rests upon and binds William Lenox alone. His securities in the bond are not bound for the acts of any other person. If he committed no breach, they would not be bound in our opinion for a breach committed by any third person after his death. But if we are mistaken in this opinion, enough doubt hangs over the matter to authorize the court to interpose and place the property beyond doubt, to render the parties safe instead of leaving them to uncertain controversy in a court of law. We think, therefore, the motion ought to be allowed, and a receiver appointed.

Order. It is hereby directed and ordered that Benjamin Desha be appointed receiver in this cause, upon his entering into bond with Frederick Notrebe, William Cummins, Samuel J. Hall, and Emzy Wilson, as his securities in the penal sum of $10,000, payable to William Field, the clerk of this court, and his successors in the office of clerk of this court, for the use and benefit of such person or persons as this court may finally decree to be entitled to this property, and upon his so giving bond and security within sixty days from this time, his power and authority and duty as receiver in this cause shall be full and complete; and it shall be the duty of said Lenox and Scull to deliver up all the property in the proceedings mentioned, together with the issue and increase of the slaves and stock or such part thereof as is in their possession, to the said Desha, upon his producing to them a certified copy of the order.

[The court subsequently dismissed the bill and granted the prayer of the cross-bill. Case No. 8,246c.]